12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clifford D. CRAIG, Plaintiff-Appellant,
v.
John COWAN, et al., Defendants-Appellees.
 No. 92-2629.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 19, 1993.*
Decided Nov. 19, 1993.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Clifford D. Craig, an inmate at the Menard Psychiatric Center ("Menard"), brought suit under 42 U.S.C. Sec. 1983 alleging that prison officials John L. Cowan, Albert E. Powley, Alan Uchtman and Roger Abney violated his First and Fourteenth Amendment rights by confiscating a publication sent to him by the National Socialist Law Project and by not affording him an adequate opportunity to contest this decision. The parties consented to having this case decided by a magistrate judge, who entered summary judgment in defendants' favor. 28 U.S.C. Sec. 636(c)(1). Craig now appeals, contending that (1) the censorship regulations at Menard are unconstitutionally overbroad; (2) he was denied his right to a hearing; (3) one defendant's affidavit in support of summary judgment was made in "bad faith;" and (4) the authors of the confiscated publication were not given notice or an opportunity to be heard.
 
 
 2
 The facts of this case are set out in the magistrate judge's order. Our review of the record and the parties' briefs leads us to conclude that the magistrate judge properly applied Thornburgh v. Abbott, 490 U.S. 401 (1989), in upholding Menard's censorship regulations under the First Amendment. See also Harper v. Wallingford, 877 F.2d 728, 731-34 (9th Cir.1989) (literature posed threat to order and security); Baraldini v. Thornburgh, 884 F.2d 615, 618-19, 620-21 & n. 9 (D.C.Cir.1989) (where inmates were not pressured to change their political opinions, the curtailment of their associational rights was upheld). We therefore affirm the magistrate judge's decision for the reasons stated in the order.
 
 
 3
 We also conclude that prison officials did not violate Craig's due process rights either by reading then confiscating the National Socialist Law Project literature sent to Craig, see Martin v. Brewer, 830 F.2d 76, 77 (7th Cir.1987); Gaines v. Lane, 790 F.2d 1299, 1304-05 (7th Cir.1986), or by determining that the publications should be permanently withheld from Craig for security reasons.[1] See Siddiqi v. Leak, 880 F.2d 904, 909 (7th Cir.1989).
 
 
 4
 Craig had adequate notice that prison officials were considering withholding the publication from him permanently and could have filed a grievance challenging that decision. See Ill.Admin.Code tit. 20, Secs. 504.810-870 (1991). Craig's bare allegation that defendant Alan Uchtman's affidavit, which attests to the fact that the publication was withheld from Craig for security reasons, was made in "bad faith" finds no support in the record.
 
 
 5
 Finally, Craig's complaint that the authors of the confiscated literature had no notice or opportunity to be heard in this case is immaterial. The authors were not parties to this action and Craig lacks standing to assert the authors' First Amendment rights on their behalf. See Secretary of State v. Joseph H. Munson Co., 467 U.S. 947, 955-57 & n. 5 (1984); McGowan v. Maryland, 366 U.S. 420, 429-30 (1961).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Craig also asserts that the defendants are not entitled to qualified immunity in this case. The issue of qualified immunity arises only when a violation of rights is established. See Siegert v. Gilley, 111 S.Ct. 1789, 1793 (1991). Where, as here, no rights were infringed, we do not reach the issue of qualified immunity